**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SAHEED ADEMOLA,                      :
                                     :
            Plaintiff,               : Civil Action No. 06-3029 (RBK)
                                     :
      v.                             :
                                     : **O P I N I O N**
BUREAU OF PRISONS,                   :
                                     :
            Defendant.               :
_____      :

**APPEARANCES:**

    Saheed Ademola, Plaintiff, pro se
    F.C.I. Fort Dix
    #14421-424
    P.O. Box 7000
    Fort Dix, New Jersey  08640

**KUGLER**, **District Judge**

    Plaintiff, Saheed Ademola, currently confined at the Federal Correctional Institution ("F.C.I.") in Fort Dix, New Jersey, brings this action alleging that the defendant Bureau of Prisons' policy of denying him phone use violates his civil rights. Having reviewed the complaint to identify cognizable claims as required under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that Plaintiff's claim should be dismissed with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**BACKGROUND**

The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

Plaintiff is serving a 56-month federal sentence for drug convictions.  While a pre-trial detainee, housed in a federal detention center, Plaintiff "attempt[ed] to provide substantial assistance to the government investigation over the 100 gm heroin telephone arrangement in locating others," and placed a three-way call.  He states that he was not aware that he was not permitted to place a three-way call.  Plaintiff was sanctioned to 30 days loss of telephone time.  However, prior to the "report and appeal process," Plaintiff was transferred back to a state facility to serve his state sentence.

When Plaintiff was returned to federal custody, the BOP restricted his telephone use to one 15-minute call per week, due to his conviction for drug charges.  Plaintiff states that other inmates are permitted 300 minutes of telephone calls per month, regardless of their federal charges.  Plaintiff states that the BOP promised an increment of phone minutes after one year of clear good conduct, but he has not received an increase.

Plaintiff argues that the Bureau of Prisons ("BOP") only applies telephone restrictions to inmates whose offenses involve telephone use, which is discriminatory.  He alleges that "the BOP does not have a coherent policy regarding the loss of phone

privileges, for offenses that did not occur within the BOP jurisdictional responsibilities." He argues that the BOP's reliance on the same facts for which he is in jail for to impose the sanction violates his constitutional rights and amounts to extra punishment.

Plaintiff contends that the phone restrictions have deprived him communication time with his family and friends, who could have provided him financial assistance to retain legal counsel. Thus, Plaintiff argues that the denial of telephone use amounts to a denial of access to courts, because Plaintiff is "unable to place calls like other inmates to discuss his case with an attorney of his choice without impediments."

He asks that the BOP policy be declared unconstitutional and discriminatory.

## DISCUSSION

**A.   Jurisdiction**

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be

made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

In <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001). The Supreme Court found an implied damages remedy available under the Fourth Amendment. See <u>Bivens</u>, 403 U.S. at 397. The Supreme Court has recognized an implied damages remedy under the Due Process Clause of the Fifth Amendment, see <u>Davis v. Passman</u>, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment Clause of the Eighth Amendment, see <u>Carlson v. Green</u>, 446 U.S. 14 (1980). To state a claim for damages under <u>Bivens</u>, a plaintiff must show that federal officers violated his constitutional rights. See <u>Malesko</u>, 534 U.S. at 66. The Court construes Plaintiff's Complaint as challenging the telephone restriction as not legally authorized and in violation of his rights under the First Amendment, Double Jeopardy Clause, and Eighth Amendment.

**B. <u>Standard of Review</u>**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321

4

(April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).

A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

5

him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

**C.   BOP Policy**

Regulations adopted by the BOP authorize the Warden to restrict an inmate's telephone use to one telephone call per week when the Warden determines that the restriction is necessary to ensure security or discipline, or to protect the public. Specifically, the regulation provides:

> (a) The Bureau of Prisons extends telephone privileges to inmates as part of its overall correctional management.  Telephone privileges are a supplemental means of maintaining community and family ties that will contribute to an inmate's personal development. An inmate may request to call a person of his or her choice outside the institution on a telephone provided for that purpose.  However, limitations and conditions may be imposed upon an inmate's telephone privileges to ensure that these are consistent with other aspects of the Bureau's correctional management responsibilities. In addition to the procedures set forth in this subpart, inmate telephone use is subject to those limitations which the Warden determines are necessary to ensure the security or good order, including discipline, of the institution or to protect the public.  Restrictions on inmate telephone use may also be imposed as a disciplinary sanction (see 28 CFR part 541).
> (b) Except as provided in this rule, the Warden shall permit an inmate who has not been restricted from telephone use as the result of a specific institutional disciplinary sanction to make at least one telephone call each month.

28 C.F.R. § 540.100.

In addition, the Security Designation and Custody Classification Manual authorizes prison personnel to designate

several Public Safety Factors which increase security on the basis of the inmate's criminal offense, *e.g.,* Greatest Severity Offense, Sex Offender, Sentence Length, Violent Behavior, and Serious Telephone Abuse.  See Program Statement 5100.07, Chapter 7, pp. 1-6.  The Public Safety Factor for Serious Telephone Abuse applies where "the inmate was involved in criminal activity facilitated by the telephone [as a] leader/organizer who utilized the telephone to conduct significant fraudulent activity (actual or attempted) in the community." See id. at p. 6.

Finally, with regard to calls to attorneys, the BOP's regulation provides:

> The Warden may not apply frequency limitations on inmate telephone calls to attorneys when the inmate demonstrates that communication with attorneys by correspondence, visiting, or normal telephone use is not adequate.

28 C.F.R. § 540.103.

**D.   First Amendment**

The First Amendment provides that "Congress shall make no law ··· abridging the freedom of speech."  U.S. Const. amend. I. Although "prisoners do not forfeit all constitutional protections," it is settled that "[t]he fact of confinement as well as the legitimate goals and policies of the penal institution limit these retained constitutional rights."  Bell v. Wolfish*,* 441 U.S. 520, 545, 546 (1979).  Moreover, prison officials "should be accorded wide-ranging deference in the

adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security ." Bell, 441 U.S. at 547. The Supreme Court has chosen the most deferential standard of review for cases challenging prison regulations as violative of the Constitution. Under that standard, "restrictive prison regulations are permissible if they are 'reasonably related to legitimate penological interests,' and are not an 'exaggerated response' to such objectives." Beard v. Banks, 126 S. Ct. 2572, 2578 (2006) (quoting Turner v. Safley, 482 U.S. 78, 87 (1987)). Moreover, it is established that a prisoner "has no right to unlimited telephone use." Washington v. Reno, 35 F.3d 1093, 1100 (6th Cir. 1994) (quoting Benzel v. Grammar, 869 F.2d 1105, 1108 (8th Cir. 1989)). An inmate's telephone access is "subject to rational limitations in the face of legitimate security interests of the penal institution." Id. (quoting Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986)).

    This Court holds that the telephone restriction of one social call per week is rationally related to security and rehabilitation, and not an exaggerated or unreasonable response to Plaintiff's criminal activity prior to incarceration. See Beard v. Banks, 126 S. Ct. 2572 (2006) (holding that ban on all newspapers, magazines, and personal photographs for inmates housed in long term segregation unit does not violate First

Amendment because it is rationally related to rehabilitation); Overton v. Bazzetta, 539 U.S. 126 (2003) (holding that ban on visitation for inmates who commit multiple substance-abuse violations is rationally related to security and rehabilitation). Accepting Plaintiff's allegations as true and construing them in the light most favorable to Plaintiff, the Court finds that the telephone restriction of one social call per week does not violate Plaintiff's rights under the First Amendment.

Nor does the telephone restriction violate Plaintiff's First Amendment right to access the courts. Plaintiff alleges no facts indicating that he has been denied the opportunity to speak with an attorney. Rather, Plaintiff argues that the telephone restriction hinders his ability to speak with his family in order to secure funds to hire an attorney of his choice. He states that his right to access the courts is denied because he is "unable to place calls like other inmates to discuss his case with an attorney of his choice without impediments." Plaintiff has not alleged that he has suffered any "actual injury" from the telephone restriction. See, e.g., Peterkin v. Jeffes, 855 F.2d 1021, 1041 (3d Cir. 1989)(finding that in order to assert a viable claim of telephone deprivation, an inmate must make some showing of prejudice or actual injury); Lewis v. Casey, 518 U.S. 343 (1996)(stating that a prisoner alleging a violation of his right of access must show that prison officials caused him past

9

or imminent "actual injury" by hindering his efforts to pursue such a claim). As such, Plaintiff has not alleged facts indicating that he has been denied access to courts or his right to speak with an attorney in violation of the Constitution.

**E.     Double Jeopardy**

Plaintiff asserts that the telephone restriction is an additional criminal punishment. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Three separate guarantees are "embodied in the Double Jeopardy Clause: It protects against a second prosecution for the same offense after acquittal [or mistrial], against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense." Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 306-307 (1984); see also Illinois v. Vitale, 447 U.S. 410, 415 (1980).

The threshold question under the Clause is whether the challenged provision imposes "punishment." Artway v. Attorney General of State of N.J., 81 F.3d 1235, 1253 (3d Cir. 1966). Plaintiff's double jeopardy claim fails, however, because the limitation on telephone calls to one social call per week is not an additional punishment beyond the incarceration imposed by

Plaintiff's sentence.  As the Supreme Court explained in <u>Overton v. Bazzetta</u>,

> The very object of imprisonment is confinement.  Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner.  An inmate does not retain rights inconsistent with proper incarceration.  And, as our cases have established, freedom of association is among the rights least compatible with incarceration.  Some curtailment of that freedom must be expected in the prison context.

<u>Overton</u>, 539 U.S. 126, 131 (2003) (citations omitted).

**F.   Eighth Amendment**

Plaintiff also maintains that the restriction on telephone use constitutes cruel and unusual punishment in violation of the Eighth Amendment.  This claim fails, however, because Plaintiff was not deprived of a basic human need, <u>see</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991), and, as outlined above, the sanction was rationally related to legitimate penological interests in security and rehabilitation.  As the Complaint does not show a violation of Plaintiff's federal rights, the Complaint is dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**CONCLUSION**

     For the reasons set forth above, the Court dismisses the Complaint for failure to state a claim upon which relief may be granted.  An appropriate Order accompanies this Opinion.


                                          s/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge


DATED: August 23  , 2006